UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ivan Rosario

   v.                                          Case No. 22-cv-175-JL

Warden, FCI Berlin

### REPORT AND RECOMMENDATION

Before the court is the respondent Warden's motion to dismiss (Doc. No. 10) the § 2241 petition, filed by Ivan Rosario, a prisoner at FCI Berlin. Mr. Rosario has objected to the motion to dismiss on the ground that his pro se petition asserts two types of claims, and that only one of his claims is targeted by the respondent's motion to dismiss. Mr. Rosario's objection to the motion to dismiss is well-taken, as that motion only addresses one of two types of claims asserted in his petition, and for the following reasons, the motion to dismiss is granted in part to the extent that the court should dismiss the § 2241 claim challenging Mr. Rosario's disciplinary proceedings, but dismissal of the entire action is not appropriate.

### Background

Mr. Rosario filed this § 2241 petition asserting two types of claims:

    1.  A claim of a denial of his right of access to the courts, for which he seeks immediate release from federal custody, asserting that the restrictive conditions of his confinement in the FCI Berlin Special Housing Unit ("SHU") in October 2021 and in other federal facilities caused him injury in his litigation of an appeal of his sentence in United States v. Rosario, No. 19-2399 (2d Cir.); and

    2.  A due process claim, challenging his disciplinary record for Incident Report No. 3499865 at FCI Gilmer, which had resulted in his loss of good conduct time, for which he seeks an order expunging that matter from his prison records and restoration of lost good conduct time.

Focusing on Claim 2, the respondent asserts that the petition is moot because the Federal Bureau of Prisons ("BOP") has already expunged the sanctions imposed for Incident Report No. 3499865 from Mr. Rosario's record and restored his good conduct time. The respondent's motion to dismiss does not address Claim 1.

## Motion to Dismiss for Mootness

"The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'" Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003) (citation omitted). "If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case." Id. at 61.

The respondent's motion to dismiss on the ground of mootness is in the nature of a Rule 12(b)(1) motion.  See Fed. R. Civ. P.

12(b)(1); see also Calvary Chapel of Bangor v. Mills, 542 F. Supp. 3d 24, 35 (D. Me. 2021), aff'd, 52 F.4th 40 (1st Cir. 2022); Rocha v. Barr, 2019 DNH 095, 395 F. Supp. 3d 195, 196 (D.N.H. 2019) (considering Rule 12(b)(1) motion in context of § 2241 petition).  In ruling on a Rule 12(b)(1) motion, the court treats all well-pleaded facts as true, affording the petitioner the benefit of all reasonable inferences.  Rocha, 395 F. Supp. 3d at 196.  The court may also consider "materials submitted by either side that allow it to resolve the jurisdictional challenge."  Pub. Int. Legal Found., Inc. v. Bellows, 588 F. Supp. 3d 124, 127–28 (D. Me. 2022) (citations omitted); see also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  The burden of establishing mootness rests "squarely on the party raising it."  Mangual, 317 F.3d at 61 (citation omitted).

## Discussion

I.  Claim 2

The respondent asserts, and the petitioner has not disputed, that after the petitioner filed this § 2241 petition, the BOP expunged the relevant disciplinary sanctions and restored his lost good conduct time.  The petitioner has obtained all of the relief this court could grant him with respect to Claim 2, rendering that claim moot.  Calvary Chapel, 52 F.4th at 46 ("if

events change 'such that . . . the complaining party winds up with all the relief the federal court could have given [it],' the case is 'moot' and must be dismissed" (citation omitted)). Accordingly, the district judge should grant the motion to dismiss, in part, to the extent it seeks dismissal of Claim 2.

II.  Claim 1

The motion to dismiss does not address Claim 1.  This court has substantial concerns regarding whether it has jurisdiction under 28 U.S.C. § 2241 over Claim 1, insofar as the petition does not appear to assert any facts suggesting that the current conditions of Mr. Rosario's confinement violate any of his federal rights.  In fairness to the pro se party, however, this court declines to address either that jurisdictional question, the merits of Claim 1, or any other potentially dispositive issues that may apply to it, without the benefit of the parties' briefing.  In the Order issued this date, the court has established a briefing schedule on Claim 1.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge PARTIALLY GRANT the respondent's motion to dismiss (Doc. No. 10), to the extent that Mr. Rosario's claim

challenging the disciplinary proceedings on Incident Report No. 3499865 (Claim 2) should be DISMISSED as moot, but otherwise the respondent's motion should be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen days of the date of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 20, 2023

cc:  Ivan Rosario, pro se
     Seth Aframe, Esq.

5